J-S21011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JHEN ALEXANDRE SCUTELLA | |
| Appellant | No. 881 WDA 2016 |

Appeal from the Judgment of Sentence September 4, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000582-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED MAY 12, 2017**

Jhen Alexandre Scutella appeals from his judgment of sentence, entered in the Court of Common Pleas of Erie County, after a jury found him guilty of false reports to law enforcement authorities.[1] After careful review, we vacate Scutella's judgment of sentence.[2]

The trial court set forth the facts of this case as follows:

The genesis of [this case] occurred on or about October 15, 2014. Late that evening, Patrolman James Cousins, City of Erie Police Department, was dispatched to the Country Fair [convenience store] at 18th and Sassafras Streets, Erie, Pennsylvania, due to an altercation in the parking lot between

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4906(b)(1).

[2] We note that, despite requesting and receiving an extension of time to file, the Commonwealth failed to submit a brief in this matter.

[Scutella] and one of three passengers from [his] white Dodge Ram truck. Patrolman Cousins encountered [Scutella's] vehicle a short distance from Country Fair, activated the lights on the police cruiser, and followed [Scutella's] vehicle. [Scutella] pulled his vehicle over at 18th and Poplar Streets, a distance of approximately three blocks from Reno's Bar. [Scutella] and the occupants exited the vehicle and walked away, and failed to heed Patrolman Cousins' commands for them to stop and return to the truck. Patrolman Cousins observed in plain view two clear plastic baggies of marijuana in the front compartment area of the truck. A search warrant was obtained, and the vehicle was towed. A short while later, [Scutella] telephoned the police and reported his truck had been stolen. Officer Robert Williams received the dispatch with regard to the stolen vehicle report. During Officer Williams' interview with [Scutella], [Scutella] told the officer that [he] had parked his car at 18th and Walnut Streets, outside Reno's Bar; he went inside Reno's; and when he exited the bar the vehicle was gone. During the interview, Officer Williams warned [Scutella] about being truthful, as the police were suspicious of [Scutella's] motives in reporting the vehicle had been stolen, as marijuana had been found inside the vehicle.

Trial Court Opinion, 8/15/16, at 1-2 (citations to the record omitted).

Scutella was charged with false reports to law enforcement authorities and unsworn falsification to authorities. A jury trial was held on September 15, 2015. After the Commonwealth rested its case in chief, Scutella moved for, and was granted, judgment of acquittal on the charge of unsworn falsification to authorities. The jury convicted him of the remaining charge and, on September 18, 2015, the court sentenced Scutella to six to twelve

months' incarceration. This appeal follows,[3] in which Scutella raises the following issues for our review:

> 1. The [t]rial [c]ourt erred in failing to permit [Scutella] to introduce evidence of a civil rights action he had filed against the police, which he believes would have changed the jury's decision in this case.
>
> 2. The [t]rial [c]ourt erred in failing to grant the portion of [Scutella's] post conviction relief motion where he asserts that trial counsel was ineffective in failing to raise an entrapment defense on his behalf at trial.
>
> 3. The Commonwealth's failure to supply a videotape of the police officer pulling behind his vehicle constituted a violation of **Brady v. Maryland**[, 373 U.S. 83 (1963)].

Brief of Appellant, at 1.

---

[3] Immediately following the imposition of his judgment of sentence, Scutella filed neither post-sentence motions nor a direct appeal. The trial court set forth the ensuing procedural history as follows:

> On October 9, 201[5], the Clerk of Courts forwarded to trial counsel a *pro se* Motion for Post Conviction Collateral Relief which [Scutella] had submitted for filing [pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546]. On October 15, 201[5], the [c]ourt permitted trial counsel to withdraw. On October 23, 2015, [Scutella's PCRA petition] was recorded on the docket. PCRA counsel was appointed. PCRA [c]ounsel filed a [s]upplemental [PCRA petition] on December 15, 2015. On January 6, 2016, the Commonwealth filed a [r]esponse to the [s]upplemental [PCRA petition]. On May 27, 2016, the [c]ourt reinstated [Scutella's] direct appeal rights *nunc pro tunc*. On June 17, 2016, [Scutella] filed a [n]otice of [a]ppeal from the judgment of sentence[, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and an amended Rule 1925(b) statement].

Trial Court Opinion, 8/15/16, at 2-3.

Scutella first claims that the trial court erred in denying his motion *in limine* requesting that he be allowed to present evidence of a prior civil rights lawsuit he filed in federal court in which Officer Cousins was a defendant. Scutella argues that evidence of the lawsuit, which settled prior to trial, could have been used to demonstrate bias on the part of Officer Cousins. Although it was Officer Williams who handled Scutella's false report of his stolen vehicle, Scutella argues that "Officer Cousins was the first reporting officer in the events that unfolded [prior to] Scutella's act of reporting his vehicle as being stolen. Thus, it is possible that Officer Cousins could have suggested to Officer Williams how to proceed with the stolen vehicle claim." Brief of Appellant, at 7. Scutella also asserts that Officer Cousins' identification of Scutella as the driver of the white Dodge Ram could have been prejudiced or biased.

The decision whether to admit evidence is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. **Commonwealth v. Foley**, 38 A.3d 882, 886 (Pa. Super. 2012). We will find an abuse of discretion only where the trial court's ruling "reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." **Id.**

Relevance is the threshold for admissibility of evidence. **Commonwealth v. Cook**, 952 A.2d 594, 612 (Pa. 2008). Pennsylvania Rule of Evidence 401 provides as follows:

Rule 401. Test for Relevant Evidence

- 4 -

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Pa.R.E. 401. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. **_Commonwealth v. Tyson_**, 119 A.3d 353, 358 (Pa. Super. 2015) (citation omitted). "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Finally the court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa.R.E. 403.

Here, the trial court concluded that the evidence of Scutella's prior lawsuit was irrelevant and, therefore, inadmissible:

> [E]vidence of the prior lawsuit involving Officer Cousins was irrelevant. Irrelevant evidence is inadmissible. Evidence of a prior lawsuit was irrelevant to the issue of bias or motive, as the lawsuit occurred approximately five years earlier. The suit resulted in a settlement, rather than an adjudication of liability. Also, . . . it was Officer Robert Williams, not Officer Cousins, to whom [Scutella] reported his vehicle had been stolen. With regard to [Scutella's] identity as the operator of the white truck, although Officer Cousins testified [Scutella] was the operator, [Scutella] himself admitted he was the vehicle operator.

Trial Court Opinion, 8/15/16, at 5. We disagree with the trial court's rationale and, therefore, remand for a new trial.

Contrary to the trial court's finding, Officer Cousins' testimony was highly important to the Commonwealth's case against Scutella. Although it was Officer Williams who took Scutella's stolen vehicle report, it is the testimony of Officer Cousins that was key to demonstrating Scutella's knowledge that his truck was not actually stolen. Officer Cousins' testimony, if true, demonstrated that Scutella knew that the police sought to speak with him and, therefore, likely had seen the marijuana in his truck. This knowledge on Scutella's part forms the basis for his alleged motive in fabricating his claim, i.e., that he reported his truck stolen in an effort to blame the "thief" for the marijuana present in the vehicle. Scutella's own testimony was that he had neither heard nor seen Officer Cousins, and that he had simply stopped for beer and returned to find his vehicle gone. Because the two men's versions of events were wildly inconsistent, Officer Cousins' credibility is key to the Commonwealth's case. Accordingly, we agree with Scutella that evidence of the civil action is relevant to show possible bias on the part of Officer Cousins. *See Commonwealth v. Rouse*, 782 A.2d 1041 (Pa. Super. 2001) (evidence of civil action brought by defendant against victim relevant to whether victim biased against defendant in testimony at trial; probative value not outweighed by potential for jury confusion or prejudice to Commonwealth).

Pennsylvania courts have consistently recognized that evidence of bias is relevant to impeach the credibility of a witness. The United States Supreme Court has defined bias as "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." **United States v. Abel**, 469 U.S. 45, 52 (1984). In **Commonwealth v. Abu-Jamal**, 555 A.2d 846 (Pa. 1989), our Supreme Court adopted the reasoning of the United States Supreme Court in **Abel** that "proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." **Abu-Jamal**, 555 A.2d at 853. Here, the fact that Scutella instituted a civil action against Officer Cousins, and had obtained a settlement as a result, is clearly relevant to show that Officer Cousins could have fabricated his testimony to exact revenge.

Relevancy, however, is not the end of our inquiry. Under Pa.R.E. 607(b), "the credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these Rules." Impeachment evidence is also subject to Rule 403, which provides that the court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa.R.E. 403.

Here, there exists a possibility that evidence of Scutella's prior lawsuit against Officer Cousins might tend to confuse the jury or result in prejudice to the Commonwealth. However, we do not believe that the dangers of such potential prejudice and/or confusion outweigh the probative value of the evidence. Moreover, any possible jury confusion can be minimized or cured through a cautionary instruction indicating the limited purpose for which the evidence is being introduced. We therefore hold that evidence of Scutella's civil action against Officer Cousins is relevant to show possible bias on the part of the officer, and that the probative value of that evidence is not outweighed by its potential to confuse or prejudice the jury. As such, the trial court abused its discretion when it prevented Scutella from introducing the evidence for the limited purpose of demonstrating bias, and we vacate his judgment of sentence.[4]

Judgment of sentence vacated; case remanded for proceedings consistent with the dictates of this memorandum; jurisdiction relinquished.

---

[4] Because of our disposition of Scutella's first issue, we need not address his remaining appellate claims.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/12/2017