J. S21042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
              v.                :
                                       :
RAPHAEL STEWART,              :           No. 2647 EDA 2018
                                       :
             Appellant      :


Appeal from the PCRA Order Entered September 7, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0210251-1999


BEFORE: STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 25, 2019**

Raphael Stewart appeals from the September 7, 2018 order denying his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546. After careful review, we remand for an evidentiary hearing on

the limited issue of why trial counsel elected not to impeach Commonwealth

witnesses Marlon Wilson[1] and Danny Milton with their motive to lie, and affirm

the PCRA court's order in all other respects.

The relevant facts of this case, as summarized by a prior panel of this

court on direct appeal, are as follows:

> [O]n the evening of November 18, 1998, at
> approximately 7:00 pm, [Wilson], Darris Cuthbert
> ("Cuthbert"), also known as "Dee," and [Milton] were

---

[1] Throughout his brief, appellant refers to witness Marlon Wilson by his alias,
"Omar Johnson"; for the ease of our discussion, this witness will be designated
as Wilson.

standing on the corner of Colorado and Susquehanna streets in Philadelphia. Wilson and Cuthbert were selling drugs. While they were doing so, [a]ppellant, Dexter Lawrence ("Lawrence") and another unidentified individual approached the trio. After words were exchanged regarding an alleged robbery of a drug house on Taney Street, [a]ppellant, Lawrence and the unidentified individual began shooting.

As a result of the shooting, Cuthbert died and Wilson suffered significant injuries after being shot in his neck, legs, and stomach. Milton sustained no injuries. The evidence from the two testifying eyewitnesses, Wilson and Milton, established that [a]ppellant shot Cuthbert and Lawrence shot Wilson.

*Commonwealth v. Stewart*, No. 3375 EDA 2014, unpublished memorandum at 2 (footnotes omitted) (Pa.Super. filed March 15, 2016).

On January 7, 1999, appellant was arrested in connection with this incident and charged with first-degree murder and related offenses. On May 21, 2000, the Commonwealth withdrew the charges when it was unable to locate its two primary witnesses, Wilson and Milton. The charges against appellant were refiled on June 6, 2001, after the witnesses were located. Appellant was a fugitive from justice until September 1, 2013, when he was apprehended. On November 12, 2014, appellant proceeded to a jury trial and was subsequently found guilty of first-degree murder, attempted murder, criminal conspiracy, and possessing instruments of crime.[2] On November 18,

_____

[2] 18 Pa.C.S.A. §§ 2502(a), 901(a), 903(a)(1), and 907(a), respectively.

2014, the trial court sentenced appellant to an aggregate term of life imprisonment without the possibility of parole.

On March 15, 2016, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. *Id.* On December 8, 2016, appellant filed a timely *pro se* PCRA petition and Stephen T. O'Hanlon, Esq. ("PCRA counsel"), was appointed to represent him. On October 16, 2017, PCRA counsel filed an amended petition on appellant's behalf, raising multiple allegations of ineffective assistance of trial counsel.[3] (*See* amended PCRA petition, 10/16/17 at 4-6.) On August 3, 2018, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing. Appellant did not respond to the PCRA court's Rule 907 notice. Thereafter, on September 7, 2018, the PCRA court dismissed appellant's petition without a hearing. This timely appeal followed.[4]

Appellant raises the following issues for our review:

> 1. Did the PCRA court err in dismissing [a]ppellant's PCRA Petition without a hearing because trial counsel was ineffective for failing to investigate and call [a]ppellant's wife, Leila Stewart, to rebut Detective

---

[3] Joseph C. Santaguida, Esq. ("trial counsel"), represented appellant at his jury trial.

[4] On September 13, 2018, the PCRA court directed appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), within 21 days. Appellant filed a timely Rule 1925(b) statement on September 18, 2018, and the PCRA court filed its Rule 1925(a) opinion on September 21, 2018.

Joseph Centeno's theory that [a]ppellant had fled or was in hiding, [a]ppellant suffered prejudice as a result, and this matter should be remanded for an evidentiary hearing and new trial?

2. Did the PCRA court err in dismissing [a]ppellant's PCRA Petition without a hearing because trial counsel was ineffective for agreeing that he could not cross-examine witnesses [Wilson] and Milton on open cases to assess their prospective sentence exposure and associated motive to lie, [a]ppellant suffered prejudice as a result, and this matter should be remanded for an evidentiary hearing and new trial?

Appellant's brief at 4.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Here, both of appellant's claims on appeal concern the purported ineffectiveness of trial counsel. To prevail on a claim of ineffective assistance

of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and as applied in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

> The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced — that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

**Id.**, citing **Pierce**, 527 A.2d at 975.

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011). Additionally, we note that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. **See Commonwealth v. Ligons**, 971 A.2d 1125, 1146 (Pa. 2009).

Appellant first contends that trial counsel was ineffective for failing to investigate and call his wife, Leila Stewart, to rebut Detective

Joseph Centeno's testimony during trial that appellant had fled or was in hiding. (Appellant's brief at 8-9.)

A claim that counsel was ineffective for failing to investigate potential witnesses or call them to testify at trial requires a petitioner to "establish that the witness existed and was available, that counsel was informed of the witness' existence, that the witness was ready and willing to testify and that the absence of the witness prejudiced the defendant to a point where the defendant was denied a fair trial." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (citation omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted).

Upon review, we find that appellant has failed to demonstrate that he was prejudiced by trial counsel's decision not to call Leila Stewart at trial. Our review of the record reveals that Detective Centeno's testimony was offered for the limited purpose of explaining to the jury why there was a substantial gap in time between the November 18, 1998 shooting and appellant's subsequent apprehension in 2013. Specifically, at trial, Detective Centeno testified at follows:

> Q. Based on your finding of [Wilson and Milton], were the charges against [appellant] refiled?
>
> A. Yes.

Q.  And those were the charges in this case that I'm talking about?

A.  Correct.

Q.  Do you know the date that the charges were refiled?

A.  June 6th of '01 -- the nolle prosse was lifted on June 6th and a bench warrant was issued on June 22nd of '01.

. . . .

Q.  So I'd now like to direct your attention to September 1, 2013. Was [appellant] arrested on September 1, 2013?

A.  Yes, he was.

Q.  Between the dates of the bench warrant, June 22, 2001 and September 1, 2013, were you able to find or did you ever find [appellant]?

A.  No.

Notes of testimony, 11/13/14 at 82-84.

Contrary to appellant's contention, this testimony did not create a "strong inference that [a]ppellant fled" during the 12-year gap between when the charges were refiled and appellant's subsequent apprehension. (**See** appellant's brief at 9.) Moreover, at no point during the course of appellant's trial did the Commonwealth argue to the jury that this time period was the result of appellant's fleeing police custody or was evidence of appellant's consciousness of guilt. Lastly, as recognized by the PCRA court, calling

Leila Stewart as a witness would not have changed the outcome of the trial.

The trial court reasoned as follows:

> [A]ssuming the wife had accounted for [appellant] for every moment during the twelve-year life of the open bench warrant, [appellant] still knew of the charges and failed to turn himself into the authorities. No matter what explanation she would have given to the jury, it would have had no effect on the verdict.

PCRA court opinion, 9/21/18 at 4.

Here, appellant has failed to demonstrate he suffered any prejudice as a result of trial counsel's inaction. Accordingly, his first claim of ineffectiveness must fail.

Appellant next argues that the PCRA court erred in dismissing his petition without conducting an evidentiary hearing "because trial counsel was ineffective for agreeing that he could not cross-examine witnesses [Wilson] and Milton on open cases to assess their prospective sentence exposure and associated motive to lie[.]" (Appellant's brief at 11-12 (full capitalization omitted).)

"It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of

material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004).

Here, at the beginning of the second day of trial, the following discussion took place outside the presence of the jury:

> [COMMONWEALTH]: I just wanted to place one quick thing on the record. Both of the witnesses in this case are in custody. They are both in custody on crimes that do not involve falsehood. I have no issues whatsoever with counsel bringing up that they are in custody, raising the question as to whether any promises have been made to them, et cetera, but I would ask he not mention the charges for which they are incarcerated as neither of them have to do with crimes of falsehood.
>
> THE COURT: We had this discussion off the record. I'm in agreement with the Commonwealth in that respect. Okay.
>
> Thank you.
>
> [TRIAL COUNSEL]: Sure.

Notes of testimony, 11/13/14 at 5.

Contrary to appellant's contention, we discern no ineffectiveness on the part of trial counsel in agreeing not to question Wilson and Milton on the nature of their pending charges, as neither witness' pending charges involved falsity or deceit and could not have been used to impeach their testimony. "[I]t is well settled that a witness may be impeached on the basis of a prior conviction ***only if*** the crime involves dishonesty or false statement." ***Commonwealth v. Hall***, 867 A.2d 619, 638-639 (Pa.Super. 2005) (citation omitted; emphasis

added), ***appeal denied***, 895 A.2d 549 (Pa. 2006). The record, however, provides no insight as to why trial counsel elected not to cross-examine these witnesses with respect to any motive to lie, for instance such as a promise made by the prosecution. It is well settled that "a witness may be cross-examined as to any matter tending to show the interest or bias of that witness so that a jury can properly evaluate the witness' credibility." ***Commonwealth v. Rouse***, 782 A.2d 1041, 1045 (Pa.Super. 2001) (citation and parentheses omitted). "[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." ***Commonwealth v. Bozyk***, 987 A.2d 753, 756 (Pa.Super. 2009) (citations omitted). "Where the determination of a defendant's guilt or innocence is dependent upon the credibility of a prosecution witness," as is the case here, "it is particularly important that the defendant be accorded an adequate opportunity to demonstrate through cross-examination that the witness is biased." ***Commonwealth v. Davis***, 652 A.2d 885, 888 (Pa.Super. 1995) (citation omitted).

Based on the foregoing, we remand this matter for an evidentiary hearing on the limited issue of why trial counsel elected not to impeach Commonwealth witnesses Wilson and Milton with their motive to lie, and affirm the September 7, 2018 order of the PCRA court in all other respects.

Order affirmed, in part. Case remanded for a limited evidentiary hearing consistent with this memorandum. Jurisdiction relinquished.

J. S21042/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/19