J-A17015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH WHITMORE | : | |
| | : | |
| Appellant | : | No. 3148 EDA 2018 |

Appeal from the Order Dated September 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007422-2011

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED DECEMBER 20, 2019**

Keith Whitmore appeals from the September 21, 2018 order entered in the Philadelphia Court of Common Pleas, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, without a hearing. After careful review, we affirm.

Andrew Sliwinski and his brother, Scott, drove to Tackawanna Street in Philadelphia looking to purchase marijuana. There, upon exiting the vehicle, Scott approached Whitmore to consummate a drug deal. However, after an exchange of words between Whitmore and Scott, gunfire erupted. Eyewitnesses watched as Whitmore shot Scott in the head, killing him instantly. As Scott lay lifeless on the ground, Whitmore turned his gun on Andrew and fired two shots, hitting him in the chest and leg. Whitmore then fled the scene before police arrived.

Nearly two months later, police arrested Whitmore for a gun-related offense on Hawthorne Street, almost three blocks from where the Sliwinski shooting occurred. At the scene, Police Officer Dennis Johnson found a .45 caliber semi-automatic pistol in a bush next to where Whitmore was arrested. Whitmore was charged with multiple crimes, including constructive possession of the firearm found in the bush ("the unrelated gun case" or "the Lucas case"). All of these charges were ultimately dimissed or *nolle prossed*.

Upon further investigation, police concluded the firearm from the bush was similar to the one that killed Scott Sliwinski and seriously wounded his brother, Andrew. Therefore, based on this evidence, Whitmore was held for trial in the drug-related slaying.

Following the close of evidence, the jury found Whitmore guilty of first-degree murder, attempted murder, aggravated assault, carrying a firearm without a license, and possessing an instrument of crime.[1] The trial court sentenced Whitmore to an aggregate term of life imprisonment. He filed a timely post-sentence motion, which the trial court denied. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied further review.

Thereafter, Whitmore filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. The PCRA court then issued notice

---

[1] 18 Pa. C.S.A. §§ 2502(a), 901(a), 2702(a), 6106(a)(1), and 907(a) respectively.

of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 and dismissed it, expressly denying relief without a hearing. This appeal followed.

On appeal, Whitmore presents six questions for our review:

1) [Whether] the PCRA Court err[ed], violating [Whitmore's] rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1, sec. 9 of the Pennsylvania Constitution, when it found that trial counsel was not ineffective for failing to investigate the Lucas case and failing to develop available evidence from it in order to suppress testimony at [Whitmore's] trial about the gun? []

2) [Whether] the PCRA Court err[ed], violating [Whitmore's] rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1, sec. 9 of the Pennsylvania Constitution, when it found that trial counsel was not ineffective for failing to investigate and present available evidence to impeach the credibility of the officer who allegedly found the gun in the bushes? []

3) [Whether] the PCRA Court err[ed], violating [Whitmore's] rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1, sec. 9 of the Pennsylvania Constitution, when it found that trial counsel was not ineffective for failing to renew his request for an instruction that it is not a fact that the gun found in the bushes belonged to [Whitmore] and/or was the murder weapon in this case? []

4) [Whether] the PCRA Court err[ed], violating [Whitmore's] rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1, sec. 9 of the Pennsylvania Constitution, when it found that trial counsel was not ineffective for failing to contemporaneously renew their objection to the Court's admission of the gun related evidence? [] Alternatively, [whether] the PCRA Court err[ed] in finding that appellate counsel was not ineffective for abandoning a claim that the trial court violated [Whitmore's] fair trial and due process rights by admitting the inconclusive gun related evidence when the evidence was more prejudicial than probative? []

- 3 -

5) [Whether] the PCRA Court err[ed], violating [Whitmore's] rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1, sec. 9 of the Pennsylvania Constitution, when it found that trial counsel was not ineffective for failing to assert a claim on direct appeal that the court erred in overruling trial counsel's objection to the prosecution's assertion in the closing argument that the witnesses testified despite threats and the specter of threats when there was no evidence that any threats were made by [Whitmore] or anyone on his behalf to any of the witnesses?

6) [Whether] the PCRA Court erred in failing to consider the cumulative impact of the above cited ineffectiveness claims violating [Whitmore's] Sixth and Fourteenth Amendment rights?

Appellant's Brief, at 3-4.

Before we address the merits of Whitmore's appeal, we must determine whether his petition was timely filed.

A PCRA petition is timely if it is filed within one year of the date the petitioner's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014) (citation omitted).

Here, Whitmore's judgment of sentence became final on June 15, 2015, ninety days after the Supreme Court denied his petition for allowance of appeal and the time to file a writ of *certiorari* with the United States Supreme Court expired. ***See*** Pa. C.S.A. § 9545(b)(3); ***see***

- 4 -

*also* U.S. Sup.Ct.R. 13. Whitmore's PCRA petition, filed on March 1, 2016, is therefore timely.

We now proceed to the merits of Whitmore's petition. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). In doing so, we read the record in the light most favorable to the prevailing party. *See Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. *See Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014). We, however, afford no deference to the PCRA court's legal conclusions. *See id*.

Whitmore raises six issues for our review, all of which allege ineffective assistance of counsel. We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa. Super. 2017). "In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining

process that no reliable adjudication of guilt or innocence could have taken place." *Presley*, 193 A.3d at 442 (citation omitted).

To establish ineffectiveness of counsel, Whitmore must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced him. *See Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. *See Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004). "Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). Appellant must also establish that he suffered prejudice, "that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014) (citation and quotation marks omitted).

Whitmore's first issue contends trial counsel was ineffective for failing to investigate and utilize evidence from the unrelated gun case. Specifically, he asserts Kevin Lucas's testimony from the preliminary hearing in that case undermined the Commonwealth's constructive possession claim, as Lucas recanted his statement that Whitmore

discarded the gun. To that end, had counsel presented this evidence, he maintains the jury would not have concluded that the alleged murder weapon belonged to him. Therefore, he argues his conviction should be vacated due to counsel's ineffectiveness.

Based on our review of the transcript, we find no evidence of Lucas recanting his statement that he saw Whitmore toss his gun in the bushes. *See* N.T., Preliminary Hearing, 12/10/10, at 9-13. In fact, nowhere in the transcript did Lucas proffer testimony on whether Whitmore possessed the gun. *See id*. Although Lucas testified Whitmore never shot at him, *see id*., at 12-13, that testimony is not relevant to Whitmore's claim that counsel was ineffective for failing to present evidence that would have led the jury to reject the Commonwealth's assertion that Whitmore had possessed the gun. Therefore, contrary to Whitmore's assertions, counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Commonwealth v. Fears*, 86 A.3d 795, 809 (Pa. 2014). As such, there is no arguable merit to Whitmore's claim.

Next, Whitmore contends trial counsel was ineffective for failing to impeach Officer Johnson with evidence of potential bias. He asserts he told counsel of Johnson's intense dislike for him due to his romantic relationship with Johnson's niece, Salina Lawhorn. As such, Whitmore concludes that counsel ineffectively failed to use Johnson's fixed bias

against him to either impeach Johnson's credibility or preclude him from testifying as a witness at trial.

A witness may be cross-examined on any matter tending to show bias or partiality so a jury can properly evaluate the witness' credibility. *See Commonwealth v. Rouse*, 782 A.2d 1041, 1045 (Pa. Super. 2001). Moreover, exposing a witness' motivation in testifying is an important function of the constitutional right of cross-examination. *See Commonwealth v. Bozyk*, 987 A.2d 753, 756 (Pa. Super. 2009). It is particularly important for a defendant to demonstrate through cross-examination a witness's bias, when the defendant's guilt or innocence is dependent upon the credibility of the prosecution witness. *See Commonwealth v. Davis*, 652 A.2d 885, 888 (Pa. Super. 1995).

It is undisputed that trial counsel did not attempt to demonstrate Officer Johnson's ostensible bias through cross-examination. *See* N.T., Trial, 10/16/12, at 112, 118. However, our review of the record does not support a finding that counsel was even aware of the supposed animosity Johnson harbored toward Whitmore. Further, besides his self-serving affidavit, Whitmore fails to produce any evidence to corroborate this allegation. Accordingly, Whitmore's bald assertion lacks arguable merit.

Whitmore contends next that trial counsel was ineffective for failing to object to the trial court's jury instruction. The instruction, as

Whitmore asserts, implied that his possession of the alleged murder weapon was a proven fact. In addition, Whitmore argues the court failed to explain to the jury that its function as the finder of fact was to determine whether he used the gun in the instant shooting. Because of counsel's ineffectiveness, Whitmore concludes he is entitled to appropriate relief.

Given the nature of the circumstantial evidence presented at trial, counsel requested a limiting instruction regarding the alleged murder weapon. **See** N.T., Trial, 10/18/12, at 3. The trial court declined to issue the proposed instruction and proceeded to instruct the jury on its charge. **See id**., at 7. Thereafter, the record reveals that counsel did not object to the jury charge. **See id**., at 198.

Whitmore is due no relief as his claim lacks arguable merit. First, there is no evidence the trial court's instruction implied that Whitmore's possession of the murder weapon was a proven fact. Rather, the record shows the court qualified its instruction by stating there was circumstantial evidence "tending to prove [Whitmore] was in possession of a gun. . . ." N.T. Trial, 10/18/12, at 196. Second, the court explained to the jury that its role was to "weigh the evidence, and based on that evidence, and the logical inferences . . . find the facts." **Id**., at 161. As counsel cannot be deemed ineffective for failing to pursue a meritless claim, this issue fails for lack of arguable merit.

In his next issue, Whitmore argues trial counsel was ineffective for failing to renew his objection to the gun's admissibility as prior bad acts evidence, and appellate counsel ineffectively abandoned this issue on direct appeal. As such, he concludes that his conviction should be overturned due to the ineffective assistance rendered by trial and appellate counsels.

We therefore examine whether this claim has arguable merit. "Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002) (citation omitted). However, it is impermissible to present evidence of a defendant's prior bad acts or crimes in an attempt to establish the defendant's criminal character or tendencies. *See Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted).

"Evidence of other crimes, wrongs or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or lack of accident." Pa.R.E. 404(b)(2). However, before admitting this evidence,

a court must balance the probative value of the evidence for these purposes against the potential for undue prejudice. *See id*. Further, mere similarities between a defendant's prior bad acts and the crimes for which he is being tried will not qualify for a Rule 404(b)(2) exception. *See Commonwealth v. Sitler*, 144 A.3d 156, 163 (Pa. Super. 2016) (*en banc*). Rather, the prior bad acts must have a "close factual nexus sufficient to demonstrate the[ir] connective relevance" to the crime in question. *Ross*, 57 A.3d at 104.

Here, the trial court admitted evidence of Whitmore's constructive possession of the gun as prior bad acts evidence to show identity. *See* N.T., Trial, 10/18/12, at 7-8. Although counsel for Whitmore objected to the admissibility of this evidence, the court determined that any potential for prejudice was outweighed by its probative value. *See id*., at 8-10. Further, the court determined the evidence was admissible based on the "close factual nexus" between the gun found in Whitmore's possession and the one used in the drug-related shooting. *See id*., at 7-8; *see also Ross*, 57 A.3d at 104. Therefore, even if counsel renewed his objection, the court would not have excluded the evidence merely because it was harmful to Whitmore's case. *See Commonwealth v. Kouma*, 53 A.3d 760, 770 (Pa. Super. 2012). Under these circumstances, we cannot conclude the PCRA court erred in determining

that Whitmore was unable to establish his underlying claim had arguable merit.

Moreover, Whitmore's claim that appellate counsel was ineffective also fails for the same reason. While trial counsel preserved this issue for appellate review, direct appeal counsel pursued sufficiency and weight of the evidence claims instead. *See* Appellant's Brief, at 32. As stated above, any challenge to the gun's admissibility would have been fruitless on direct appeal. Consequently, Whitmore cannot establish that direct appeal counsel was ineffective for failing to pursue this meritless avenue on appeal.

Next, Whitmore argues that appellate counsel was ineffective for failing to raise the Commonwealth's misconduct on direct appeal. In particular, Whitmore contends the Commonwealth's assertion that a witness testified against him despite fear of retaliation, was unfounded and constituted prosecutorial misconduct. Therefore, he concludes he is entitled to relief because appellate counsel ineffectively abandoned this meritorious issue on direct appeal.

"Comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in [the jurors'] minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." ***Commonwealth v. Hutchinson***, 25 A.3d 277, 307 (Pa. 2011) (citation

omitted). Although a prosecutor may not offer personal opinions as to the guilt of the defendant or the credibility of the witness, it is permissible for the prosecutor to summarize the evidence and offer reasonable deductions and inferences therefrom. *See Commonwealth v. Thomas*, 54 A.3d 332, 338 (Pa. 2012). "In addition, the prosecutor must be allowed to respond to defense counsel's arguments, and any challenged statement must be viewed not in isolation, but in the context in which it was offered." *Id*.

Here, Whitmore complains of the following statements from the Commonwealth's closing argument:

> Prosecutor: [The witness] came in here and talked to you about fear. He sat here and said: I am not afraid, but he is afraid for his family. He wasn't relocated. He is afraid for them. . . .
>
> Counsel talked about how [the witness] . . . felt safe and secure [with Homicide detectives]. Yes, that's a lot different than sitting in here, and looking at [Whitmore], and seeing his family, people that maybe he recognizes from the neighborhood, people he knows his family is going to encounter in the neighborhood.

N.T., Trial, 10/18/12, at 135-136. He argues these comments were not based on the evidence of record and therefore appellate counsel should have raised the Commonwealth's misconduct on appeal.

Contrary to Whitmore's contention, the Commonwealth's statements during closing argument were proper because they were provoked by defense counsel's summation. *See Thomas*, 54 A.3d at 338. The Commonwealth responded to credibility attacks against its

eyewitness, who identified Whitmore as the shooter, by attributing the inconsistencies in the witness's statement to his fear of retaliation for cooperating with police. *See* N.T., Trial, 10/18/12, at 135-136. This argument was reasonably inferred from the witness's mother's testimony that she feared for her son's safety due to his involvement in the case. *See Thomas*, 54 A.3d at 338; *see also* N.T., Trial 10/17/12, at 14. Therefore, because the Commonwealth's remarks during closing argument were legally permissible, Whitmore's claim is without arguable merit.

In his final issue, Whitmore claims he is entitled to relief because of the cumulative prejudicial effect of the errors asserted above.

As we have held, there is no number of failed ineffectiveness claims that may collectively warrant relief if they fail to do so individually. *See Commonwealth v. Elliott*, 80 A.3d 415, 450 (Pa. 2013). Therefore, since Whitmore's individual ineffectiveness claims failed, his argument that they warrant relief collectively also fails. Accordingly, Whitmore's final claim merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/20/19</u>